**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JORGE E. I.,

                        Petitioner,

v.

TODD BLANCHE, *U.S. Attorney General*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID J. VENTURELLA, *Acting Director, Immigration and Customs Enforcement*;

MARCOS CHARLES, *Acting Executive Associate Director for Enforcement and Removal Operations, Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*;

JOEL BROTT, *Sherburne County Jail;*

U.S. DEPARTMENT OF HOMELAND SECURITY;

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT,

                        Respondents.

Civil No. 26-3383 (JRT/SGE)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Elizabeth S. Eckholm and Nicholas Ratkowski, **RATKOWSKI LAW**, 332 Minnesota Street, Suite W1610, St. Paul, MN 55101, for Petitioner.

David W. Fuller and Pedro Del Valle, IV, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner is a citizen of Ecuador who entered the United States without inspection in 2006.  In 2015, he was arrested and charged as inadmissible under the Immigration and Nationality Act and subsequently released on bond set by an immigration judge.  That bond was never revoked or canceled.  Yet Petitioner was taken into ICE custody again on June 29, 2026, and is now being held without bond at the Sherburne County Jail.  The Court concludes that Petitioner's detention is unlawful given that his previous release was never revoked.  The Court will grant the petition and order that Petitioner be immediately released subject to the same terms of his prior release.

## BACKGROUND

Petitioner Jorge E.I. is a citizen of Ecuador who entered the United States without inspection in 2005 or 2006.  (Pet. Writ Habeas Corpus ("Pet.") ¶ 23, July 22, 2026, Docket No. 1; Decl. of William J. Robinson ("Robinson Decl.") ¶ 4, Aug. 3, 2026, Docket No. 6.)  In August 2015, Petitioner was convicted of driving while impaired in Minnesota state court, and on October 1, 2015, Petitioner was arrested by ICE/ERO officers.  (Robinson Decl. ¶¶ 5–6.)  Also on October 1, 2015, ICE/ERO initiated removal proceedings against Petitioner by issuing him a Notice to Appear.  (*Id.* ¶ 7.)  On October 8, 2015, ICE/ERO

- 2 -

released Petitioner from custody after Petitioner posted bond set by an immigration judge.  (*Id.* ¶ 8.)  On March 4, 2022, an immigration judge administratively closed the removal proceedings against Petitioner.  (*Id.* ¶ 9.)

On April 4, 2026, Petitioner was again convicted in Minnesota state court of driving while impaired.  (*Id.* ¶ 10.)  On June 27, 2026, ICE/ERO issued a Form I-200 administrative arrest warrant and lodged a detainer to the Anoka County Jail.  (*Id.* ¶ 11.)  On June 29, 2026, ICE/ERO served Petitioner with the I-200 warrant at the Anoka County Jail and arrested Petitioner.  (*Id.* ¶ 12.)

Petitioner filed a Petition for Writ of Habeas Corpus on July 22, 2026, arguing that his detention is unlawful.  (*See generally* Pet.)  He argues that his detention without bond at the Sherburne County Jail violates the Immigration and Nationality Act, the Fourth and Fifth Amendments to the U.S. Constitution, the Administrative Procedure Act, and the *Accardi* doctrine.  (Pet. ¶¶ 104–137.)

**DISCUSSION**

The Court will focus its analysis on whether Petitioner's arrest and detention are lawful in light of his previous release on bond under 8 U.S.C. § 1226(a).  Because the Court finds this issue to be dispositive, it will not address the Petitioner's other arguments.

Respondents concede that Petitioner was arrested under § 1226(a) in 2015 and released after Petitioner posted bond set by an immigration judge.  (Robinson Decl. ¶ 8.)  Under 8 U.S.C. § 1226(b), "[t]he Attorney General at any time may revoke a bond or parole

authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." And ICE's implementing regulations state that a noncitizen:

> who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge . . . in which event the alien may be taken into physical custody and detained.

8 C.F.R. § 236.1(c)(9).

Section 1226(b) and ICE's regulations make clear that when a noncitizen detained under § 1226(a) is released on bond, such release is subject to revocation at the discretion of certain government officials, and upon revocation, the noncitizen may be arrested under the original I-200 warrant. But nothing in the record before the Court indicates that such revocation took place here. Indeed, Respondents state that Petitioner was arrested pursuant to a new I-200 warrant.[1] (*See* Robinson Decl. ¶ 12 & Ex. D (providing a copy of the I-200 warrant dated June 27, 2026).)

---

[1] The record demonstrates that Petitioner's prior removal proceedings were administratively closed in 2022. (Robinson Decl. ¶ 9.) The Court concludes that this fact does not render Petitioner's prior release on bond irrelevant and does not eliminate ICE's obligation to follow the INA and its own procedures in revoking Petitioner's release.

However, even if the Court were to conclude that the administrative closure of the prior removal proceedings permitted Respondents to arrest Petitioner under a new I-200 warrant, the Court notes its numerous prior decisions discussing that an I-200 arrest warrant must be based on a previously-issued Notice to Appear ("NTA"). *See, e.g.*, *Francisco M.A. v. Blanche*, Civ. No. 26-2032, 2026 WL 1229701, at *2 (D. Minn. May 5, 2026). The record before the Court demonstrates that ICE/ERO never issued Petitioner an NTA other than the now administratively-closed NTA issued in 2015. Accordingly, even if the prior removal proceedings were not the basis for the April 2026 I-200 warrant, the warrant would nevertheless be invalid.

In short, because Petitioner's 2015 release on bond was never revoked, his present detention without bond is unlawful.  The Court will grant the petition and will order that Petitioner be released subject to the same conditions of his prior release from ICE custody.  *See, e.g., Hector J.A.S. v. Shea*, Civ. No. 26-2242, 2026 WL 1243500 at *3 (D. Minn. May 6, 2026) ("Because ICE failed to comply with federal immigration law when arresting and detaining Petitioner and because Respondents have not justified Petitioner's continued detention, release is the proper remedy.").

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Jose E.-I.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED in part** as follows:

    a. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and no later than 48 hours from the filing of this Order.

    b. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and without any new conditions.

    c. The parties shall provide the Court with a status update concerning the status of Petitioner's release by no later than **5:00 p.m. on August 13, 2026**.  Further, the parties shall advise the Court whether any additional

- 5 -

proceedings in this matter are required and submit any proposals for the

scope of further litigation.

2.  Petitioner's Motion for Temporary Restraining Order (Docket No. [8]) is **DENIED**

**as moot**.

DATED: August 10, 2026                                   _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                JOHN R. TUNHEIM
                                                          United States District Judge